IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES VENN,
    Plaintiff,

v.

CORRECTIONS OFFICER GLENN WHEELER, et al.,
    Defendants

Case No. 3:10-cv-149-KRG-KAP

## Order, Report and Recommendation

### Order and Recommendation

Plaintiff has filed a motion for reconsideration, docket no. 7, which presents nothing new and no reason to reconsider the judgment in this matter. I recommend that it be denied.

It is ORDERED, in accordance with 28 U.S.C.§ 1915(b)(1), that the inmate account officer at any institution where plaintiff may be incarcerated shall forward to the Clerk of the United States District Court for the Western District of Pennsylvania twenty percent of the average monthly deposits to the plaintiff's inmate account, or twenty percent of the average balance of plaintiff's inmate account, or the entire balance of the plaintiff's inmate account, whichever is less; and in accordance with 28 U.S.C.§ 1915(b)(2), the inmate account officer shall begin immediately to deduct from plaintiff's inmate account twenty percent (20%) of each item of income on the date received, accrue these items and forward one payment per month of the amount accrued to the Clerk, whenever the amount in plaintiff's account exceeds $10.00, until the entire filing fee of $350.00 has been paid.

Report

Plaintiff's motion reveals that plaintiff either doesn't understand the previous ruling or hopes that repetition will obtain what merit does not. Given plaintiff's chutzpah in filing suit in the first place after he assaulted a corrections officer under circumstances giving rise to a need to have him tested for HIV, I suspect the latter. In any case, to explain: plaintiff's privacy/equal protection claim was dismissed without prejudice to bringing any state law claim in state court. Plaintiff stated no First Amendment claim because he alleged no adverse effect on his access to court from the one episode in which his mail was allegedly opened improperly, and his claim for relief for "nominal, compensatory, and punitive damages" was not even colorable. Compare Jones v. Brown, 461 F.3d 353, 359 (3d Cir.2006), cert. denied, 549 U.S. 1286 (2007)(a blanket practice of opening inmate legal mail outside the presence of the inmate "impinges upon" the First Amendment), modified by Fontroy v. Beard, 559 F.3d 153 (3d Cir.2009)(Pennsylvania's DC-ADM 803 mail control policy is valid), with Oliver v. Fauver, 118 F.3d 175 (3d Cir.1997)(inmate had no First Amendment claim for improper opening of mail unless the opening of the mail had an adverse impact on the inmate's access to court). Injunctive relief was neither sought nor would be appropriate, so even if the Court of Appeals were to tack again and

go back to Bieregu v. Reno, 59 F.3d 1445 (3d Cir.1995), plaintiff would have no federal claim.

Plaintiff can, pursuant to 28 U.S.C.§ 636(b)(1), file written objections to the Report and Recommendation within fourteen days.

DATE: September 13, 2010

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

James M. Venn FL-7939
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

Inmate Account Officer
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112